UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A.D., a minor, by and through her natural mother
and Next Friend, A.D., *et al.*,

       Plaintiffs,

       v.

UNIFIED SCHOOL DISTRICT NO. 453,
LEAVENWORTH COUNTY, STATE OF
KANSAS, *et al.*,

       Defendants.

Case No. 26-2356-HLT-BGS

## MEMORANDUM AND ORDER GRANTING APPLICATIONS FOR APPOINT NEXT FRIEND

This matter comes before the Court on three separate Applications for Appointment and Consent of Next Friend filed by each minor Plaintiff.[1] (Docs. 5, 5-1, and 5-2.) The applications are brought under Fed. R. Civ. P. 17(c)(2) by Petitioners A.D., V.R., and K.C., who are the natural mothers of minor Plaintiffs A.D., M.B., and E.C, respectively. For the reasons below, the applications (Docs. 5, 5-1, and 5-2) are **found to be moot**.[2]

### A.    Background.

Plaintiffs allege "a multi-year pattern of grooming and sexual abuse perpetrated against minor female elementary school students at Henry Leavenworth Elementary [hereinafter "the school"] by Jerome Riscovallez, a teacher employed by Defendant Unified School District No. 453

---

[1] Also pending in this case is the Motion for Leave to Proceed by Initials, in which the minor Plaintiffs move this Court for leave to allow them and their Next Friends to proceed by their initials. (Doc. 4.) This motion will be decided by the District Judge.

[2] The Court notes that Defendants have not been served or entered an appearance in this matter. Thus, they have not had an opportunity to respond to Plaintiffs' applications. The Court finds, however, that briefing on these issues from Defendants is unnecessary to the Court's determination.

('USD 453')."  (Doc. 4, at 2; *see also* Doc. 1.)  Plaintiffs ask that their natural mothers be appointed Next Friends to them per Fed. R. Civ. P. 17(c).  (Doc. 5.)

**B.**      **Application for Appointment of Next Friends (Docs. 5, 5-1, and 5-2).**

Rule 17(c) governs representation of minors and incompetent persons in federal litigation. A general guardian, committee, conservator, or like fiduciary may sue or defend on behalf of a minor.  Fed. R. Civ. P. 17(c)(1).  If a minor person lacks such a duly appointed representative, the person may sue by a next friend or guardian *ad litem*, and the Court "must appoint a guardian *ad litem* – or issue another appropriate order – to protect" an unrepresented incompetent person.  *Id.* (c)(2). Appointment under Rule 17(c)(2) is within the Court's discretion, but the rule reflects the Court's obligation to ensure that a litigant who cannot protect his or her own interests is adequately protected.  *See Allstate Ins. Co. v. Brown*, 920 F.2d 664, 772 (10th Cir. 1990); *Unum Life Ins. Co. of Am. v. Umdenstock*, 572 F. Supp. 3d 1119, 1122 (N.D. Okla. 2021).

Next-friend status is not automatic.  The proposed next friend must (1) provide an adequate explanation – such as status as a minor, mental incompetence, inaccessibility, or other disability – why the real party in interest cannot appear on her own behalf, and (2) must show that he or she is truly dedicated to that person's best interests.  *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *Doe v. USD 259*, No. 22-1279-TC-ADM, 2023 WL 11872621, at *1 (D. Kan. Jan. 26, 2023).

In applying the Rule to the facts presented, it is established that Plaintiff A.D. is a minor (11 years old) and petitioner A.D. is her natural mother (Doc. 5), Plaintiff M.B. is a minor (10  years old) and Petitioner M.B. is her natural mother (Doc. 5-1), and Plaintiff E.C. is a minor (9 years old) and Petitioner K.C. is her natural mother (Doc. 5-2).  As such, the Court finds that Petitioners, as the natural mothers of Plaintiffs, qualify "as a general guardian(s) who may sue on behalf of a minor, <u>with no need for a formal court appointment</u>." *S.E.S. v. Galena Unified School Dist. No. 499*, No. 18-2042-DDC-GEB, No. 2018 WL 558059, at *1 (D. Kan. Jan. 25, 2018) (emphasis added) (citing in

2

part *Meredith ex rel. Meredith v. Dusin*, No. 03-2532-CM-DJW, 2003 WL 22844157, at *1 (D. Kan. Nov. 12, 2003)).

**IT IS THEREFORE ORDERED** that Petitioners' Applications for Appointment and Consent of Next Friend (Docs. 5, 5-1, and 5-2) are **found to be moot** as a formal court appointment is unnecessary for Plaintiffs' natural mothers.  That stated, for purposes of this litigation and pursuant to Fed. R. Civ. P. 17(c), Petitioner A.D. shall be designated next friend for Plaintiff A.D., Petitioner V.R. shall be designated next friend for Plaintiff M.B., and Petitioner K.C. shall be designated next friend for Plaintiff E.C.

**IT IS SO ORDERED**.

Dated July 1, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

3